# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION

| | |
|---|---|
| GUILLERMO HERRERA, <br><br> Plaintiff, <br><br> v. <br><br> CHURCHILL MCGEE, LLC, et al., <br><br> Defendants. | Civ. Action No. 5:09-cv-00072-KSF <br><br> **ANSWER** |

The Defendants, Churchill McGee, LLC ("CM"), Nathan Churchill ("Churchill"), and Patrick McGee ("McGee") (collectively, "the Defendants"), through counsel, for their Answer to the Complaint filed herein by the Plaintiff, Guillermo Herrera ("Herrera"), state as follows:

## INTRODUCTION

1. The Defendants state that Paragraph 1 of the Complaint contains no allegations of fact but consists entirely of legal conclusions or arguments that do not require a responsive pleading. To the extent that any facts are alleged in Paragraph 1 of the Complaint, the Defendants deny same.

2. The Defendants state that Paragraph 2 of the Complaint contains no allegations of fact but consists entirely of legal conclusions or arguments that do not require a responsive pleading. To the extent that any facts are alleged in Paragraph 2 of the Complaint, the Defendants deny same.

## JURISDICTION AND VENUE

3. The Defendants state that Paragraph 3 of the Complaint contains no allegations of fact but consists entirely of legal conclusions or arguments that do not require a responsive pleading. To the extent that any facts are alleged in Paragraph 3 of the Complaint, the Defendants deny same.

## THE PARTIES

4. The Defendants admit such portions of Paragraph 4 as allege that the Defendants at one point employed Herrera, but deny each and every fact contained therein that is not specifically admitted herein.

5. The Defendants state that Paragraph 5 contains allegations of fact and legal conclusions or arguments that do not require a responsive pleading. Any facts alleged in Paragraph 5 are denied.

6. The Defendants state that Paragraph 6 contains allegations of fact and legal conclusions or arguments that do not require a responsive pleading. Any facts alleged in Paragraph 6 are denied.

7. The Defendants state that Paragraph 7 contains allegations fact and legal conclusions or arguments that do not require a responsive pleading. Any facts alleged in Paragraph 7 are denied.

## FACTUAL ALLEGATIONS

8. The Defendants deny each and every allegation contained in Paragraph 8.

9. The Defendants deny each and every allegation contained in Paragraph 9.

10. The Defendants deny each and every allegation contained in Paragraph 10.

11. The Defendants deny each and every allegation contained in Paragraph 11.

12. The Defendants deny each and every allegation contained in Paragraph 12.

13. The Defendants deny each and every allegation contained in Paragraph 13.

14. The Defendants deny each and every allegation contained in Paragraph 14.

15. The Defendants deny each and every allegation contained in Paragraph 15.

16. The Defendants deny each and every allegation contained in Paragraph 16.

17. The Defendants deny each and every allegation contained in Paragraph 17.

18. The Defendants deny each and every allegation contained in Paragraph 18.

19. The Defendants deny each and every allegation contained in Paragraph 19.

20. The Defendants deny each and every allegation contained in Paragraph 20.

21. The Defendants deny each and every allegation contained in Paragraph 21.

22. The Defendants deny each and every allegation contained in Paragraph 22.

## **COUNT I – 42 U.S.C. § 1981**

23. The Defendants state that Paragraph 23 of the Complaint contains no allegations and does not require a responsive pleading.

24. The Defendants state that Paragraph 24 of the Complaint contains no allegations of fact but consists entirely of legal conclusions or arguments that do not require a responsive pleading. To the extent that any facts are alleged in Paragraph 24 of the Complaint, the Defendants deny same.

## **COUNT II – KRS 344.450**

25. The Defendants state that Paragraph 25 of the Complaint contains no allegations and does not require a responsive pleading.

26. The Defendants state that Paragraph 26 of the Complaint contains no allegations of fact but consists entirely of legal conclusions or arguments that do not

require a responsive pleading. To the extent that any facts are alleged in Paragraph 26 of the Complaint, the Defendants deny same.

### COUNT III – COMMON LAW

27. The Defendants state that Paragraph 27 of the Complaint contains no allegations and does not require a responsive pleading.

28. The Defendants state that Paragraph 28 of the Complaint contains no allegations of fact but consists entirely of legal conclusions or arguments that do not require a responsive pleading. To the extent that any facts are alleged in Paragraph 28 of the Complaint, the Defendants deny same.

### COUNT IV – 29 U.S.C. § 201 et seq.

29. The Defendants state that Paragraph 29 of the Complaint contains no allegations and does not require a responsive pleading.

30. The Defendants state that Paragraph 28 of the Complaint contains no allegations of fact but consists entirely of legal conclusions or arguments that do not require a responsive pleading. To the extent that any facts are alleged in Paragraph 28 of the Complaint, the Defendants deny same.

### COUNT V – KRS 337.020 et seq.

31. The Defendants state that Paragraph 31 of the Complaint contains no allegations and does not require a responsive pleading.

32. The Defendants state that Paragraph 32 of the Complaint contains no allegations of fact but consists entirely of legal conclusions or arguments that do not require a responsive pleading. To the extent that any facts are alleged in Paragraph 32 of the Complaint, the Defendants deny same.

## COUNT VI – FRAUD

33. The Defendants state that Paragraph 33 of the Complaint contains no allegations and does not require a responsive pleading.

34. The Defendants state that Paragraph 34 of the Complaint contains no allegations of fact but consists entirely of legal conclusions or arguments that do not require a responsive pleading. To the extent that any facts are alleged in Paragraph 34 of the Complaint, the Defendants deny same.

## COUNT VII – PUNITIVE DAMAGES

35. The Defendants state that Paragraph 35 of the Complaint contains no allegations and does not require a responsive pleading.

36. The Defendants state that Paragraph 36 of the Complaint contains no allegations of fact but consists entirely of legal conclusions or arguments that do not require a responsive pleading. To the extent that any facts are alleged in Paragraph 36 of the Complaint, the Defendants deny same.

## AFFIRMATIVE DEFENSES

Having responded to each of the Complaint's allegations, the Defendants raise the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

37. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

38. Herrera's claims are barred by the doctrines of res judicata, collateral estoppel, detrimental reliance, waiver, and estoppel.

## THIRD AFFIRMATIVE DEFENSE

39. The Complaint is barred under the doctrine of accord and satisfaction.

**FOURTH AFFIRMATIVE DEFENSE**

40. The Complaint should be dismissed because no alleged conduct of the Defendants was the proximate cause of Herrera's alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

41. The relief sought in the Complaint is barred by Herrera's unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

42. Herrera is not entitled to recovery of the damages alleged in the Complaint because he has failed to mitigate any of his alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

43. The conduct of persons or entities other than the Defendants constitutes an intervening and superseding cause of the injuries and/or damages alleged in the Complaint, absolving the Defendants of any liability to Herrera.

**EIGHTH AFFIRMATIVE DEFENSE**

44. Any and all alleged injuries or damages suffered by Herrera, which the Defendants deny, were caused by the actions and/or conduct of Herrera himself.

**NINTH AFFIRMATIVE DEFENSE**

45. Herrera's claims are barred to the extent that he consented to the alleged injuries and/or damages either expressly or through his conduct.

**TENTH AFFIRMATIVE DEFENSE**

46. Herrera's claims are barred, in whole or in part, as a result of his intentional misrepresentations and/or negligent misrepresentations to the Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

47. Herrera's claims are barred by the applicable statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

48. Herrera's claims are barred, in whole or in part, by lack of consideration and lack of meeting of the minds.

**THIRTEENTH AFFIRMATIVE DEFENSE**

49. Herrera's claims are barred, in whole or in part, by the statute of frauds and the parol evidence rule.

**FOURTEENTH AFFIRMATIVE DEFENSE**

50. Herrera's claims are barred, in whole or in part, by the principles of promissory and equitable estoppel.

**FIFTEENTH AFFIRMATIVE DEFENSE**

51. The Defendants deny that they are liable for any punitive damages in this case but further contend that Herrera fails to state a claim upon which the Court could enter an award of punitive damages, that punitive damages are barred by applicable Kentucky statutory law, and that no claim for punitive damages under Kentucky law could be sustained in any event because: (a) an award of damages subject to no absolute, predetermined limit on amount, and providing no protection against multiple awards for the same course of conduct would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section Two of the Kentucky Constitution, Defendant's constitutional protections from excessive punitive awards under the Eighth Amendment to the United States Constitution and Section 17 of the Kentucky Constitution, as well as otherwise improper under the Kentucky Constitution, statutory law, common law, and public policy; (b) awarding

penal-in-nature punitive damages against Defendant without affording it the same protections afforded to criminal defendants would violate Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Sections Ten, Eleven, Twelve, Thirteen, and Fourteen of the Kentucky Constitution as well as other provisions of the Kentucky Constitution, statutory law, common law, and public policy; (c) an award of punitive damages that allows for the consideration of or emphasis upon the Defendant CM's corporate status would violate CM's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Sections 11 and Section Two of the Kentucky Constitution; (d) an award of punitive damages would violate the Defendants' right to fundamentally fair adversarial proceedings guaranteed by the United States Constitution's Fourteenth Amendment's due-process clause and Section Two of the Kentucky Constitution; (e) an award of punitive damages would violate the Defendants' procedural and substantive due process rights because Kentucky's punitive damages standards lack sufficient objective criteria, procedural safeguards, and/or an appropriate proportionality range, and/or because available post-trial and appellate-review standards are insufficient.

## SIXTEENTH AFFIRMATIVE DEFENSE

52. Herrera's claims are barred, in whole in or in party, by his failure to plead fraud with specificity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

53. The Defendants hereby give notice that they intend to rely upon any additional affirmative defenses that become available or apparent during discovery and

thus reserve the right to amend their Answer to assert such additional affirmative defenses.

WHEREFORE, having responded to each of the allegations in the Complaint, the Defendants respectfully request the following relief:

a. The dismissal with prejudice of all counts asserted in the Complaint;

b. That the Plaintiff take nothing, and that judgment be entered in favor of the Defendants;

c. The costs of defending against the Complaint, including a reasonable attorney's fee;

d. A trail by jury on all issues so triable; and

e. Such other and further relief to which they may be entitled.

                                           Respectfully submitted,

                                           /s/ Will E. Messer
                                           MASON L. MILLER
                                           WILL E. MESSER

                                           MILLER + WELLS, PLLC
                                           300 East Main Street, Ste. 360
                                           Lexington, Kentucky 40507
                                           (859) 281-0077
                                           (859) 281-0079 (facsimile)
                                           mmiller@millerwells.com
                                           wmesser@millerwells.com

                                           COUNSEL FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 26th day of March, 2009, a copy of the foregoing Answer was filed electronically with the Clerk's office by using the CM/ECF system. Parties may also access this filing through the Court's ECF system.

                                                /s/ Will E. Messer
                                                COUNSEL FOR PLAINTIFFS