UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-72-KSF

GUILLERMO HERRERA                                                                        PLAINTIFF

v.                                              **OPINION & ORDER**

CHURCHILL MCGEE, LLC, *et al.*                                                 DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendants, pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure, for entry of partial Judgment on the Pleadings against the plaintiff

on Counts II and III of the Complaint.  This matter is fully briefed and is ripe for review.

## I.     FACTUAL BACKGROUND AND PROCEDURE

This civil rights action arises out of the plaintiff's employment with the defendants.

According to his complaint, Guillermo Herrera, an African-Cuban, was employed by the defendants,

Churchill McGee LLC and Nathan Churchill and Patrick McGee, on June 20, 2003 to perform

masonry, tile, carpentry and general labor work for the defendants.  Beginning on or around the

middle of 2004, Herrera alleges that the defendants began treating him differently from other white,

non-Cuban employees of the defendants.  Specifically, Herrera contends  that the defendants:  (1)

began taking money from his paycheck, ostensibly for cell phone over-usage, even though the

defendants knew or should have known that they were not entitled to the money they were

withholding from his check; (2) required him to work overtime, but consistently refused to pay 150%

of his hourly wage as required by applicable state and federal laws; (3) failed and refused to provide

any medical benefits; (4) failed and refused to pay for life insurance; (5) required him to drive

vehicles to perform job duties even though he informed them that he did not have a driver's license;

and (6) paid him less money per hour to perform jobs virtually identical to, or substantially the same, as jobs performed by lessor experienced white, non-Cuban employees who had less seniority with the company.

Herrera complained about his treatment to the defendants in February 2008. After they took no remedial action, he contacted the Lexington-Fayette County Human Rights Commission (the "Commission") and the Kentucky Labor Cabinet to complain about his alleged discriminatory treatment. Herrera was subsequently fired by the defendants on March 23, 2008. Although the defendants contend that Herrera was fired for missing time from work due to a recent arrest and detention, Herrera contends that other white, non-Cuban employees missed time from work due to arrests or legal issues and were not fired.

On April 4, 2008, Herrera filed a complaint with the Commission, alleging employment discrimination by the defendants [DE #8-4]. By letter dated July 21, 2008, the Commission informed Herrera that the investigator had found insufficient evidence to support his allegations of discrimination based on race and national origin. Furthermore, the letter stated that the investigation revealed that the defendants "treated other employees in the same or similar manner with regards to terminations, cell phone bill charges, and absences. The investigation reveals that they have terminated black, white, and Latino employees for the same or similar reasons that you were terminated." [DE #8-5] The letter indicated that if Herrera had additional information to be considered by the investigator, he should contact her within five days [DE #85-]. Herrera alleges that he followed up with this requirement by meeting with the investigator within the five day period, and was advised that the investigation was complete and the case was now in the hands of the Executive Director. On the same day, Herrera allegedly also spoke with the Executive Director, who explained that he would review the investigation and issue a determination.

On July 31, 2008, the Commission entered the following Notice of Determination: "Based upon the investigation conducted, we are unable to conclude that the information obtained establishes violation(s) of the statutes" but that the Commission was "not certify[ing] that the [Defendant] is in compliance with the [anti-discrimination] statutes" [DE #8-6].  On August 21, 2008, the Commission entered an Order of Dismissal stating as follows:

> A complaint having been filed by Guillermo Herrera alleging discrimination in employment by Respondent; An investigation having been made by the Human Rights Commission Staff; and No Probable Cause having been found; the Complaint is hereby dismissed.

[DE #8-7].  The Notice component of the Order of Dismissal informs Herrera as follows: "if the Charging Party so chooses to pursue this matter further by filing a private court action the Commission requests that you send a copy of the Court complaint to this office . . . "[DE #8-7].  Herrera did not seek judicial review of the Commission's decision.

Instead, Herrera filed this civil rights action on March 4, 2009 pursuant to 42 U.S.C. § 1981, 29 U.S.C. § 201, *et seq.*, 29 U.S.C. § 216 (b), and KRS 344.450 and the common law of Kentucky alleging unlawful discrimination and retaliation, failure to pay wages and overtime, fraud, and termination of employment in violation of public policy [DE #1].  The defendants subsequently filed this motion for partial judgment on the pleadings as to Count II, in which Herrera seeks relief pursuant to KRS 344.450, and Count III, in which Herrera seeks relief pursuant to the common law of Kentucky [DE #8].   In his response, Herrera concedes that relief is not available under Count III and thereby withdraws that claim [DE #10].  Thus, the issue currently before the Court is whether the defendants are entitled to partial judgment on the pleadings with respect to Count II of Herrera's complaint.

## II.    RULE 12(c) STANDARDS

The legal standard applicable to a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Evidence is identical to a motion to dismiss made pursuant to Rule 12(b)(6). *Bd. of Educ. of Estill County, Ky. v. Zurich Ins. Co.*, 180 F.Supp.2d 890, 891 (E.D.Ky. 2002); *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007)(noting that "the legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same").  The standard for ruling on a motion to dismiss is that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

*Id.* at 1964-65 (internal citations and quotation marks omitted).

In ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005).  A district court may not grant a Fed. R. Civ. P. 12(b)(6) motion because it does not believe the complaint's factual allegations. *Wright v. MetroHealth Medical Center,* 58 F.3d 1130, 1138 (6th Cir.1995).  However, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice."  *Bishop v. Lucent Technologies, Inc.*, No. 07-3435 (6th Cir. 3/25/08) (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).  "Although we must accept all of the complaint's factual allegations as true, we 'need not accept as true legal conclusions or unwarranted factual inferences.'"  *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003)

(quoting *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987)).

While Rule 12(d) provides that where a motion made under Rule 12(c) requires that matters outside the pleadings be considered ,the motion must be treated as one for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure, federal courts may consider materials that are public records or otherwise appropriate for taking judicial notice without converting a motion for judgment on the pleadings to a motion for summary judgment. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). In this case, the Court can consider the documents from the Commission attached as Exhibits 1-4 to the motion [DE #8-4 through 8-7] and Exhibit 1 to the defendants' reply [DE #11-2] because each document is a matter of public record and appropriate for taking judicial notice.

## III.   ANALYSIS

Count II of Herrera's Complaint requests relief pursuant to the Kentucky Civil Rights Act, KRS 344.450 *et seq.* The Act provides that an aggrieved party may pursue a claim for an unlawful practice under the Act either administratively or judicially, but not both. Specifically, KRS 344.270 states, in pertinent part, as follows:

> . . .A state court shall not take jurisdiction over any claim of an unlawful practice under this chapter while a claim of the same person seeking relief for the same grievance is pending before the commission. A final determination by a state court or a final order of the commission of a claim alleging an unlawful practice under KRS 344.450 shall exclude any other . . . proceeding brought in accordance with KRS Chapter 13B by the same person based on the same grievance.

KRS. 344.270. Courts have construed the term "commission" in this statute to refer both to the state-wide Kentucky Commission on Human Rights, and local commissions, such as the Lexington Fayette Urban County Human Resources Commission. *Vaezkoroni v. Domino's Pizza, Inc.*, 914 S.W.2d 341, 342 (Ky. 1992). Based on this statute, the defendants contend that Herrera is precluded

from seeking judicial relief for a violation of the Act because the Commission entered an Order of Dismissal on the same claims.  On the other hand, Herrera contends that the Commission has not made any final determination on the merits of his claim because the Order of Dismissal states that "[t]his [determination] does not certify that Respondent is in compliance with the statutes," and because he was not afforded an evidentiary hearing before the Commission.  Arguing that there has been no final determination on the merits, Herrera thus contends that he is not barred from litigating his claim before this Court.

Despite Herrera's arguments to the contrary, it is clear to the Court that Herrera is barred by KRS 344.270 from pursuing his claim under KRS 344.450 in this Court.  The record reveals that Herrera filed his complaint with the Commission, the Commission conducted an investigation, no probable cause was found, and the Executive Director made a determination on the merits to dismiss the complaint for no probable cause.  While Herrera contends that the Executive Director's Order of Dismissal is somehow not final, a review of the Commission's Rules of Practice and Procedure demonstrate that upon the conclusion of an investigation, the Commission has only two options: (1) to issue a Satisfactory Resolution; or (2) to issue a Determination on the Merits.  *See* Commission's Rule 2.040 [DE #11-2].  A Satisfactory Resolution results from a negotiated settlement or a withdrawal of the complaint.  No Satisfactory Resolution was issued in this case.  A Determination on the Merits is based either on a finding of probable cause or a finding of no probable cause.  Under the Commission's Rules, the Executive Director may issue a Determination on the Merits and dismiss the complaint "[i]f it is determined after investigation that probable cause does not exist to believe that the alleged unlawful discriminatory practice has been committed."  *See* Commission Rule 2.050(1)(a) [DE #11-2].  This is exactly what happened in this case.

The fact that the Commission did not certify the defendants' compliance with the Act does not change the fact that the Commission's Order of Dismissal was a final and substantive decision. There is simply no requirement under the Act that the Commission certify a defendant's compliance with the Act in order to issue a final finding of no probable cause.

Similarly, the fact that Herrera did not receive a hearing does not mean that the Commission's Order of Dismissal is not final.  Under the Commission's Rules, a hearing is not always required to resolve a complaint on the merits.  Rather, a hearing is only required "[a]fter a finding by the staff or a Commissioner, of Probable Cause to credit the allegations of the Complaint." *See* Commission Rule 2.100(1)(a).  No hearing was required in Herrera's case because, after concluding its investigation, the Commission found "no probable cause" to support his claims.

Finally, the language in the Order of Dismissal notifying Herrera that if he "so chooses to pursue this matter further by filing a private court action the Commission requests that you send a copy of the Court complaint to this office . . ." does not give Herrera any right to sue.  Rather, this Notice provision merely ensures the preservation of the record in the event Herrera sought judicial review of the Order of Dismissal under Rule 2.130 of the Commission's Rules [DE #11-2].

In reaching this conclusion, the Court relies on *Vaezkoroni v. Domino's Pizza, Inc.*, 914 S.W.2d 341, 342 (Ky. 1995).  In *Vaezkoroni*, the plaintiff's complaints before the Commission were dismissed with a finding of "No Probable Cause" and without a hearing.  *Id*. at 341-42.  The Kentucky Supreme Court held that the Commission had issued a final ruling on the merits and held that the plaintiff was barred from relitigating his claims under the Act in Fayette Circuit Court.  As the facts are nearly identical with the exception of the federal forum, the same result must apply in this case.

## IV.    CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby

**ORDERS** as follows:

(1)    the defendants' motion for partial judgment on the pleadings [DE #8] is **GRANTED**;

(2)    the plaintiff's claims contained in Count III of his complaint are hereby **DISMISSED WITH PREJUDICE**;

(3)    the plaintiff's claims contained in Count II of his complaint are hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rule of Civil Procedure; and

(4)    this matter remains pending on the plaintiff's remaining claims.

This October 26, 2009.

**Signed By:**

**_Karl S. Forester_**   K S F

**United States Senior Judge**